Robbie R. JONES, Plaintiff,

Buck D. Jones, Appellant,

v.

DOUBLE "D" PROPERTIES, INC., an Arkansas Corporation; Mark Wilcox, Commissioner of State Lands, State of Arkansas; Martha Stewart, in her official capacity as Assessor for Sebastian County; Frank Atkinson, in his official capacity as Collector for Sebastian County; Linda Murry, in her official capacity as Treasurer for Sebastian County, Arkansas; David Hudson, in his official capacity as County Judge for Sebastian County, Arkansas; County of Sebastian; Gus Wingfield, Arkansas State Treasurer; Fort Smith Public School System Board; Jeannie Cole, in her official and individual capacity as member of the Forth Smith School Board; David Cordell, in his official and individual capacity as member of the Fort Smith School Board; Rick Hittner, in his official and individual capacity as member of the Fort Smith School Board; Ann Dawson, in her official and individual capacity as member of the Fort Smith School Board; Barbara Hathcock, in her official and individual capacity as member of the Fort Smith School Board; Wyman R. Wade, in his official and individual capacity as member of the Fort Smith School Board; Yvonne Keaton–Martin, in her official and individual capacity as member of the Fort Smith School Board; University of Arkansas, at Fort Smith; City of Fort Smith, Arkansas; Ray Thornton, individually and in his official capacity as a Justice of the Arkansas Supreme Court; Betty Dickey, individually and

in her official capacity as a Justice for the Arkansas Supreme Court; Robert Brown, in his individual and official capacity as a Justice of the Arkansas Supreme Court; Tom Glaze, in his individual and official capacity as a Justice of the Arkansas Supreme Court; W.H. Arnold, in his individual and official capacity as a Justice of the Arkansas Supreme Court; Donald L. Corbin, in his individual and official capacity as a Justice of the Arkansas Supreme Court; Annabelle Clinton Imber, in her individual and official capacity as a Justice of the Arkansas Supreme Court; Jim Hannah, in his individual and official capacity as a Justice of the Arkansas Supreme Court; James Mitch Llewellyn, Appellees.

No. 05-2242.

United States Court of Appeals, Eighth Circuit.

Submitted April 27, 2006.

Filed May 5, 2006.

Buck D. Jones, Fort Smith, AR, pro se.

David Charles Gean, Gean & Gean, James M. Llewellyn, Jr., Thompson & Llewellyn, S. Walton Maurras, Smith & Maurras, Mark A. Horoda, Daily & Woods, Fort Smith, AR, Sherri L. Robinson, Attorney General's Office, Michael R. Rainwater, Duncan & Rainwater, Little Rock, AR, for Appellees.

Before ARNOLD, BYE, and COLLOTON, Circuit Judges.

[UNPUBLISHED]

PER CURIAM.

Buck D. Jones (Buck) appeals the district court's [1] dismissal of an action he and his wife Robbie R. Jones, now deceased, brought under 42 U.S.C. §§ 1983 and 1985. Having conducted de novo review of the record, *see Gisslen v. City of Crystal, Minn.,* 345 F.3d 624, 626-27 (8th Cir.2003) (determination as to subject matter jurisdiction is reviewed de novo), *cert. denied,* 541 U.S. 960, 124 S.Ct. 1722, 158 L.Ed.2d 401 (2004), we conclude that the Joneses' illegal-exaction claim—the only claim Buck addresses in his brief, and thus the only one before us—was barred under the *Rooker–Feldman* [2] doctrine, *see Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 125 S.Ct. 1517, 1521-22, 161 L.Ed.2d 454 (2005) (*Rooker–Feldman* doctrine applies to cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before federal proceedings were commenced, and inviting federal district courts to review and reject those judgments). Accordingly, we affirm. *See* 8th Cir. R. 47B. We deny both the University of Arkansas at Fort Smith's motion for sanctions and Buck's request to disqualify the University's counsel.

---

1. The Honorable G. Thomas Eisele, United States District Judge for the Eastern District of Arkansas, sitting by designation.

2. *See D.C. Court of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fid. Trust,* 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923).